IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 13-274 |
| | ) |
| JASHAAD COLEMAN | ) |
| | ) |

## OPINION AND ORDER ON PRETRIAL MOTIONS

Defendant Jashaad Coleman ("Coleman" or "Defendant"), is charged in a two-count indictment [ECF No. 1]. At Count 1 Coleman is charged with aiding and abetting the possession with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, a schedule II controlled substance, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). At Count 2 Coleman is charged with possession, use and discharge of a firearm, that is, a 9mm handgun, during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

Presently before the Court are the following pre-trial motions filed by Coleman. Coleman filed a Motion for Early Disclosure of All Jencks Act Material [ECF No. 23]; a Motion to Disclose Evidence which the Government Intends to Use under Federal Rules of Evidence 404(b) and 609 [ECF No. 24]; and a Motion for Forensic Analysis of Firearm [ECF No. 25] which could produce exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963).

**I.  Motion for Production of Evidence under 404(b) and 609 [ECF No. 24]**

Coleman seeks production of evidence that the Government intends to use against the Defendant at trial. Rule 404(b) of the Federal Rules of Evidence provides that "upon request by

1

the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any . . . evidence [of other crimes, wrongs, or acts] it intends to introduce at trial" Fed. R. Evid. 404(b). Specifically, Coleman seeks the production of any uncharged "bad acts" that the Government intends to produce at trial. The Defendant asserts the prompt and dearly disclosure of all evidence the Government intends to use against the Defendant at trial is important as the Defendant will need adequate time to fully investigate and prepare his defense to such evidence. By way of this measure the Defendant is assured his Constitutional rights of due process, confrontation, and effective assistance of counsel.

In the Government's Omnibus Response it asserts it has not yet identified the specific bad acts is will seek to introduce at trial, but states there will be considerable 404(b) evidence that will be at issue at trial [ECF No. 26 at 2]. That being said, the Government has promised to provide the Defendant three weeks-notice prior to trial of the 404(b) evidence it will seek to introduce [ECF No. 26 at 3]. At the same time the Government will also provide to the Defendant any evidence it will seek to introduce at trial under Federal Rules of Evidence 412 ("Sex-Offense Cases: The Victim's Sexual Behavior or Predisposition"), 609 ("Impeachment by Evidence of a Criminal Conviction"), 803(24) ("Exceptions to the Rule Against Hearsay – Regardless of Whether the Declarant is Available as a Witness"), and 804(b)(5) ("Exceptions to the Rule Against Hearsay – Regardless of Whether the Declarant is Unavailable as a Witness"). [ECF No. 26 at 4].

The Court finds that three weeks-notice prior to trial is an acceptable amount of time to provide the Defendant notice that will afford him his Constitutional Rights. Therefore, Defendant's motion is granted under the terms as specified by the Government. If the

2

introduction of such evidence is contested by the Defendant, the Court will hear arguments on the issues at an appropriate time.

## II. Motion for Early Disclosure of Jencks Material [ECF No. 23]

The Jencks Act provides in relevant part as follows:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.
> . . . .

18 U.S.C. § 3500(a) & (b).

Defendant requests the Government produce all Jencks Act material in the interests of judicial economy and fairness [ECF No. 23 at 1]. The Defendant asserts that delayed production of Jencks Act material will have a prejudicial impact on the orderly administration of justice, including delays during the trial, and could deprive the Defendant of effective assistance of counsel [ECF No. 23 at 2]. Furthermore, the Defendant asserts there would be no prejudice to the Government in granting this Motion [ECF No. 23 at 2].

The Government acknowledges that strict adherence to the Jencks Act could cause delays at trial [ECF No. 26 at 5]. Therefore, the Government states in its Omnibus Response that it "endeavors to produce Jencks Act material well before trial in order not to cause delays." [ECF No. 26 at 5]. At the same time, the Government cites its concerns for the safety of its witnesses

and consents to production of documents on a Friday should trial commence on a Monday [ECF No. 26 at 6].

As succinctly stated by the appellate court in United States v. Ramos, 27 F.3d 65 (3d Cir. 1994):

> [c]riminal pretrial discovery is, of course, vastly different from discovery in civil cases. In contrast to the wide-ranging discovery permitted in civil cases, Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution. The Jencks Act requires that after each government witness has testified on direct examination, the government must produce to the defense "any statement" made by the witness which relates to his or her testimony. In Brady, the Supreme Court held that due process required that the government produce all "exculpatory" evidence, which includes both "[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness." United States v. Hill, 976 F.2d 132, 134-35 (3d Cir.1992).

Ramos, F.3d. at 67-68; See also United States v. Bagley, 473 U.S. 667, 672 (1985) ("the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial"). Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the government is obligated to disclose exculpatory evidence without undue delay.

Unless Rule 16(a)(1) provides otherwise, "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed.R.Crim.P. 16(a)(2). "Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [(the Jencks Act)]." Fed.R.Crim.P. 16(a)(2).

There is no basis upon which the court can order the Government to provide such information as Jencks material prior to the time a witness has testified on direct examination at trial. We do, however, encourage the Government to provide the Defense with Jencks Act materials in time to avoid any delays during trial and suggest the Government produce Jencks/Brady materials three days prior to the commencement of trial. Should additional Jencks/Brady material develop through the course of trial the Government should seek to produce those materials three days prior to the testimony of the related witness or as soon as practicable.

### III. Motion for Forensic Analysis of Firearm [ECF No. 25]

Defendant was charged with possession, use and discharge of a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A)(iii). Defendant denies possessing any of the firearms at issue in this case. Defendant specifically requests DNA and/or forensic analysis of the firearm(s) allegedly involved in this case [ECF No. 25 at 2]. Defendant asserts the DNA evidence may be exculpatory pursuant to Brady and should therefore be released immediately to Defendant pursuant to Rule 16(a)(1) of the Federal Rule of Criminal Procedure [ECF No. 25 at 2].

In the Government's response it states that it recovered the firearm at issue from a person other than Defendant and at a time subsequent to the crime. The firearm is currently undergoing testing to determine whether it is a positive match to the Defendant. The Government states, "Should the reports indicate this is the same firearm as that used by Defendant, the Government will promptly turn over the reports to Defendant." [ECF No. 26 at 7]. Based on this information, the Court grants the Defendant's Motion that the Government produce the forensic reports on the firearm currently being developed no matter what the outcome of the analysis.

To the extent the Defendant requires other forensic/DNA testing, the Motion is denied without prejudice. If other forensic/DNA testing is desired by the Defendant, the Defendant is ordered to move the Court with more specificity as to what testing is sought, the purpose of the testing, who shall conduct such testing, and how the integrity of the firearm will be maintained during such testing.

**IV. Conclusion**

The Court Orders as follows:

1. Motion for Early Disclosure of All Jencks Act Material [ECF No. 23] is DENIED. The Court, however, strongly urges the Government to produce Jencks materials three days prior to the commencement of trial or the presentation of the testimony of the witness.

2. Motion to Disclose Evidence which the Government Intends to Use under Federal Rules of Evidence 404(b) and 609 [ECF No. 24] is GRANTED. The Government shall produce such material three weeks prior to trial.

3. Motion for Forensic Analysis of Firearm [ECF No. 25] which could produce exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963) is GRANTED to the extent of the testing currently being conducted.

May 12, 2014
Date

Maurice B. Cohill, Jr.
United States District Judge